IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CHARLES TALBERT | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| | : | NO. 17-4209 |
| CITY OF PHILADELPHIA, *et al.* | : | |

MEMORANDUM

**KEARNEY, J.**                                                                                                                                                          October 16, 2017

Charles Talbert, a frequent civil rights plaintiff in federal courts, now *pro se* sues the City of Philadelphia and the City of Camden claiming his August 2017 arrest on a 2011 warrant violates his constitutional rights because of the delay from 2011. He does not challenge the substance of the warrant. Mr. Talbert seeks leave to proceed *in forma pauperis*. We grant him leave to proceed *in forma pauperis* and dismiss his complaint as he does not, and cannot, plead a civil rights claim based on the timing of his arrest.

    **I.**     **Alleged facts**

Officers of the Philadelphia Police Department arrested Mr. Talbert on August 9, 2017 based on a November 2011 warrant from Camden County, New Jersey. Mr. Talbert alleges the police should have arrested him on the warrant earlier when he had run-ins with the law between the issuance of the warrant and the time of his arrest. He alleges Camden and Philadelphia have "maintained a widespread practice of using and operating an inadequate NCIC system that allows fugatives [sic] to be undetected for several years."[1] Mr. Talbert further alleges he planned to enroll in community college courses but his arrest on a 2011 warrant interferes with these college plans. He now sues *pro se* claiming the City's delay in arresting him due to allegedly defective record keeping violates his civil rights.

## II. Analysis

Mr. Talbert's may proceed *in forma pauperis* because, from our review of his motion, it appears he is incapable of paying the fees to commence this civil action.

Under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), we dismiss the complaint if frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact,"[2], and is legally baseless if it is "based on an indisputably meritless legal theory."[3] To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[4] "[M]ere conclusory statements[] do not suffice."[5] As Mr. Talbert proceeds *pro se*, we liberally construe his allegations.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[6] "[T]here is no constitutional right to be arrested promptly or otherwise."[7]

Mr. Talbert is not alleging probable cause was lacking for his arrest or that the warrant was facially invalid. Instead, he claims the officers violated his rights by failing to arrest him earlier – when he had other altercations with the police - as a result of a defective system for tracking warrants.

There is no constitutional right to be arrested at a convenient time. Mr. Talbert seemingly wishes he had been arrested earlier on his 2011 warrant from Camden County. His wish for an earlier arrest does not create a constitutional right. He has not alleged sufficient facts to support a plausible constitutional violation here.

### III.    Conclusion

In the accompanying Order, we first allow Mr. Talbert to proceed *in forma pauperis* but must dismiss Mr. Talbert's complaint for failure to state a plausible constitutional claim. Any claim to be arrested earlier does not create a constitutional claim and never can under these facts.

---

[1] ECF Doc. No. 1 at 2.

[2] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[3] *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[5] *Id.*

[6] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[7] *United States v. Joines*, 258 F.2d 471, 473 (3d Cir. 1958); *see also Hoffa v. United States*, 385 U.S. 293, 310 (1966) ("There is no constitutional right to be arrested."); *United States v. Berkowitz*, 429 F.2d 921, 926 (1st Cir. 1970) ("We are unaware of any right of a defendant to be arrested at a particular time."); *United States v. Toro*, 840 F.2d 1221, 1233 (5th Cir. 1988) ("[L]aw enforcement officials are under no constitutional duty to terminate a criminal investigation the moment they have an arrest warrant in their hands."); *Dimanche v. Lake Cty. Sheriff's Office*, No. 10-377-Oc-10TBS, 2012 WL 1532561, at *4 (M.D. Fla. Apr. 30, 2012) (citing the cases above to dismiss plaintiff's Eighth Amendment claim under § 1983, finding no constitutional right to be promptly arrested).